UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PAST, LLC, UCABBI LLC, KENNETH T. BOLINGER, LAKESHA DENTON and SOUTHEASTRANS, INC., <br><br> Defendants. | CIVIL CASE NO.: 1:21-cv-1114 |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Complaint for Declaratory Judgment, Plaintiff United Specialty Insurance Company ("United"), alleges:

## PARTIES

1. Plaintiff United is an insurance company licensed to do business in the State of Indiana, incorporated in the State of Delaware with its principal place of business located in the State of Texas and is, therefore, a citizen of Delaware and Texas.

2. Defendant PAST, LLC is an Indiana limited liability corporation with its principal place of business located in Vanderburgh County, Indiana, and is, therefore, an Indiana citizen.

3. Defendant PAST, LLC is a single member LLC with its member residing in Indiana and is, therefore, an Indiana citizen.

4. uCabbi, LLC is an Indiana limited liability corporation with its principal place of business located in Vanderburgh County, Indiana, and is, therefore, an Indiana citizen.

5. uCabbi, LLC is a single member LLC with its member residing in Indiana and is, therefore, an Indiana citizen.

6. Kenneth T. Bolinger ("Bolinger") is a resident and citizen of the State of Indiana and resides in Sullivan County, Indiana.

7. Lakesha Denton ("Denton") is a resident and citizen of the State of Indiana and resides in Vigo County, Indiana.

8. Southeastrans, Inc. is incorporated in the State of Georgia with its principal place of business located in the State of Georgia and is, therefore, a citizen of Georgia.

## JURISDICTION AND VENUE

9. This action is a declaratory judgment action brought pursuant to 28 U.S.C. 2201.

10. The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00.

11. Plaintiff and Defendants are citizens of different states.

12. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

13. Venue is proper in this district because the Defendant Indiana citizens involved in this Complaint reside in this district, the Defendant Georgia corporation does business in this district and the underlying claim out of which this declaratory judgment action arises is located in this district.

## FACTS

14. United issued a commercial auto policy to PAST under Policy No. UT0-IN-0000053 with effective dates March 8, 2019 to March 8, 2020, a true and accurate copy of which is attached as Exhibit A ("United Policy").

15. PAST contracted with Southeastrans to provide ride services for medical and health visits pursuant to a Non-Emergency Medical Transportation Provider Agreement (the "PAST Agreement").

16. On June 24, 2019, Southeastrans provided ride services for Denton to a medical appointment for Denton on that day.

17. On June 24, 2019, Denton was provided a ride to and from her medical appointment by Bolinger who was driving a Toyota Sienna, the registered owner of whom was PAST and the operator was uCabbi pursuant to a taxi cab license and registration in the City of Evansville.

18. On June 24, 2019 while Bolinger was driving the Toyota Sienna on I-70 near Brazil, Indiana, Bolinger lost control of the Toyota Sienna resulting in the Toyota Sienna leaving the interstate roadway resulting in an accident from which Denton claims she received severe and substantial injuries (the "Accident").

19. Denton has asserted a claim against Bolinger, PAST, uCabbi and Southeastrans alleging that the Accident was caused by the negligence or fault of Bolinger.

20. Denton claims that as a result of the Accident she has incurred substantial medical expenses, will continue to incur substantial medical expenses in the future, and has incurred pain and suffering and other losses, damages, costs and expenses.

21. Approximately one month after the Accident, United received notification of the Accident.

## UNITED POLICY

22. United's Policy was issued to PAST, LLC, as the named insured providing commercial automobile liability coverage with limits per accident of $1,000,000, and underinsured motorist limits of $25,000 per person and $50,000 per accident.

23. United's Policy insured eleven named vehicles owned by PAST.

24. United's Policy included as additional insureds uCabbi and Southeastrans.

25. Prior to and at the time United issued the Policy, PAST provided United with a list of eleven vehicles for which it sought liability insurance. The Toyota Sienna was not included within the eleven vehicles for which PAST sought liability insurance, nor was the Toyota Sienna added to the Policy before and up to June 24, 2019 as an additional vehicle insured for liability under the Policy.

26. Prior to and at the time United issued the Policy, PAST provided, as required by the Policy, a list of drivers for whom liability protection would be provided. Bolinger was not listed as a scheduled driver by PAST at the time the Policy was issued, nor was Bolinger listed or added to the Policy as a scheduled driver by PAST before and up to June 24, 2019.

27. Prior to and at the time United issued the Policy PAST did not provide United with a copy of the written agreement between PAST and Southeastrans, nor provide a copy of such agreement before and up to June 24, 2019.

28. United has never approved the PAST Agreement pursuant to the Policy.

29. The Policy states in part as follows: "Various provisions in this Policy restrict coverage. Read the entire Policy carefully to determine rights, duties and what is and is not covered".

30. The Policy provides coverage pursuant to Section I as follows:

**SECTION I – COVERED AUTOS**

Item Two of the Declaration shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a Coverage on the Declarations designate the only "autos" that are covered "autos". It is further agreed and understood that You have to advise the Company and receive written confirmation prior to effecting coverage for any covered automobiles to be scheduled as a covered automobile.

31. Pursuant to the coverage grant under Section I, covered autos include those as set forth under Item 2 of the declarations which states as follows:

**ITEM TWO: <u>SCHEDULED COVERED AUTOS</u>**

| DESCRIPTION (LIST ADDITIONAL VEHICLES ON SEPARATE SCHEDULE) | | | | | |
|---|---|---|---|---|---|
| MAKE | YEAR | MODEL | BODY TYPE | SERIAL NUMBER | VIN |
| See Schedule On File With the Carrier | | | | | |
| | | | | | |

32. In addition, pursuant to Items 4 and 5 of the Declarations as set forth below, coverage is restricted to not only those vehicles scheduled but to drivers that have been specifically listed and scheduled with United:

> **ITEM FOUR: COVERED AUTOS**
>
> This Coverage afforded hereunder only covers such automobiles as scheduled with the Carrier.
>
> **ITEM FIVE: COVERED DRIVERS**
>
> The coverage afforded hereunder is limited to those named drivers as scheduled with the Carrier.

33. Liability coverage under the Policy is provided under Section II as follows:

> **SECTION II – LIABILITY COVERAGE**
>
> **A. Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

34. The Policy provides the following definition as to who is an insured:

   **1)   Who Is An Insured**

   The following are "insureds";

   a.   You for any covered "auto";

   b.   Anyone else whom you have advised the Company and received formal approval in writing from the Company while using with your permission a covered "auto" you own, hire, or borrow EXCEPT

   vi.   Anyone liable for the conduct of an "insured" described above, but only to the extent of that liability.

   vii.  "Permissive users" who are users of a covered auto, other than "insureds", who are not approved in writing by the Company. Coverage for permissive users is subject to reduction to statutory minimums. To the extent permitted under the applicable state law, the limits of coverage shown in the Declarations page are reduced to the state mandatory minimums for bodily injury or death and property damage when there is a permissive user of the covered "auto".

35. The Policy also provides exclusions, including an exclusion for assumed contractual liability as follows:

   **B.  Exclusions**

   This insurance does not apply to any of the following:

   **2)   Contractual**

   Liability assumed under any contract or agreement.

   But this exclusion does not apply to liability for damages:

   a.   Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement and such contract has been provided to the Company and You have received formal approval by the Company.

6

## COVERAGE DISPUTE

36. Pursuant to the Policy terms and conditions, United has determined that at the time of the Accident, coverage does not exist for PAST, uCabbi, Bolinger and/or Southeastrans because the Toyota Sienna does not qualify as a covered auto because it was not listed or scheduled pursuant to the policy terms prior to or at the time of the Accident and the Toyota Sienna is not a temporary vehicle.

37. Pursuant to the Policy terms and conditions, coverage does not exist for Bolinger because he was not a scheduled or listed driver provided to United on or prior to June 24, 2019.

38. Pursuant to the terms and conditions of the Policy, Bolinger would not qualify as a permissive user because the Toyota Sienna does not qualify as a covered auto.

39. Pursuant to the terms and conditions of the Policy, PAST is not covered against indemnity claims, if any, by Southeastrans because the PAST Agreement was never provided to United nor approved by United.

40. United has advised PAST, uCabbi, Bolinger and Southeastrans of its determination that coverage does not exist for liability they may have to Denton arising out of the Accident for the reasons set forth, including that the Toyota Sienna is not a covered auto and that Bolinger is not a covered driver.

41. United has advised counsel representing Denton that coverage does not exist for PAST, uCabbi, Bolinger or Southeastrans for liability because the Toyota Sienna is not a covered auto and Bolinger is not a covered driver.

42. United has advised PAST and Southeastrans the Policy does not provide coverage for indemnity.

43. A dispute exists between and among the named insured and the potential additional insureds as well as claimant, Denton, with United as to whether the Policy provides liability coverage and indemnity coverage to PAST, uCabbi, Southeastrans and/or Bolinger for liability arising out of the Accident.

44. United has agreed to date to defend PAST, uCabbi, Bolinger and Southeastrans against Denton's claim at this time subject to a full and complete reservation of rights as to coverage issues.

45. An actual controversy has arisen between United and the Defendants with regard to the issues of defense and/or coverage under the United Policy as it relates to Denton's claim and the damages arising out of the Accident.

46. Because an actual controversy exists as to defense obligations and/or coverage for indemnity under the United Policy, this matter is ripe for a declaratory judgment determination by this Court as to whether the United Policy provides coverage for indemnity to PAST, uCabbi, Southeastrans and/or Bolinger with regard to the damages sought and the claim made by Denton and whether United would owe PAST, uCabbi, Southeastrans and/or Bolinger a defense to any lawsuit that may be filed by Denton.

WHEREFORE, United respectfully prays for judgment in its favor and against Defendants in the form of declaratory judgment relief and requests the Court enter judgment as follows:

   a. Declare that pursuant to the terms of the United Policy, United owes no defense obligation to PAST, uCabbi, Bolinger and Southeastrans for the damages sought and claims made by Denton or any lawsuit subsequently filed by Denton.

 b. Declare that United owes no coverage to indemnify PAST, uCabbi, Bolinger and Southeastrans against any judgment and/or settlement with regard to the damages sought and claims made by Denton or any judgment or settlement with regard to any subsequent lawsuit filed by Denton against PAST, uCabbi, Southeastrans or Bolinger.

 c. Declare that United owes no coverage to PAST and Southeastrans as to any written indemnification liability pursuant to the written agreement between PAST and Southeastrans.

 d. For the costs of this action and all other proper relief.

            Respectfully submitted,

            */s/ Dale W. Eikenberry*
            Dale W. Eikenberry, #6670-49
            Elizabeth S. Schmitt, #30146-53

            Attorneys for Plaintiff United Specialty Insurance Company

DINSMORE & SHOHL LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel: (317) 639-6151
Fax: (317) 639-6444
Dale.Eikenberry@Dinsmore.com
Elizabeth.Schmitt@Dinsmore.com